IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK TRACY, | : | CIVIL ACTION NO. **1:CV-06-1**793 |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| JONATHAN MINER, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On September 14, 2006, Petitioner, Patrick Tracy, an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner filed an application for leave to proceed *in forma pauperis*. (Doc. 2).[1] Petitioner also attached two Exhibits to his Habeas Petition. (Doc. 1, Ex. A and Ex. B). We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2]

---

[1]Notwithstanding our recommendation of dismissal of the Habeas Petition, we shall recommend that Petitioner's *in forma pauperis* request be granted solely for the purpose of filing this petition. *See Gorea v. Ashcroft*, Civil No. 06-0804, M.D. PA (5-18-06 Order), J. Muir.

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**I. Background**.

The Petitioner was convicted in October 1993, following a jury trial, in a United States District Court for the District of Maine,[3] of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 924. (Doc. 1, Exhibit B). Petitioner was sentenced on the stated offense to 327 months imprisonment. (Doc. 1, p. 2). Petitioner states that he directly appealed his conviction to the First Circuit Court of Appeals. Petitioner's appeal was denied and the First Circuit affirmed his conviction on September 28, 1994. (Doc. 1, p. 3 & Ex. B). *See U.S. v. Tracy*, 36 F. 3d 187 ( 1st Cir. 1994). As indicated by the Recommended Decision issued by the District Court in Maine, which Petitioner attached to his Habeas Petition as Ex. B, Petitioner, in his appeal to the First Circuit, argued "that his state court conviction for assault and battery should not be counted as a third predicate violent felony in arriving at the determination that he was an armed career criminal within the meaning of 18 U.S.C. § 924(e)(1)." As the Decision indicates, the "Court of Appeals rejected this contention. *Tracy*, 36 F. 3d at 198-99." (Doc. 1, Ex. B).

The record does not indicate if Petitioner filed a petition for writ of *certiorari* with the United States Supreme Court. On May 15, 1995, the Petitioner filed a motion with the sentencing District Court pursuant to 18 U.S.C. § 2255, which was denied on September 28, 1995. (Doc. 1, p. 5 & Ex. B). Petitioner appealed the denial of his § 2255 motion to the First Circuit and the appeals court affirmed the District Court's decision on March 29, 1996. Petitioner then filed a second § 2255 motion which he captioned as a motion for Writ of *Coram Nobis*, and this was denied by

---

[3]Petitioner's factual background is contained in his habeas petition and his Ex. B. (Doc. 1, pp. 2-3).

the District Court on April 22, 1997. The First Circuit affirmed the District court's decision on December 9, 1997. (Doc. 1, Ex. B).

Thereafter, Petitioner filed a request to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3), and said request was denied by the First Circuit on April 11, 2005. (*Id.*, p. 5, & Ex. A). Petitioner's Ex. A is a copy of the First Circuit's April 11, 2005 Judgment in which the court denied, without prejudice, Petitioner's request to file a second or successive § 2255 motion. The Court stated that Petitioner was claiming that his sentence as an armed career criminal was in violation of *Shepard v. U.S.*, 125 S. Ct. 1254 (2005),[4] but since the Supreme Court did not make *Shepard* retroactive to cases on collateral review, the First Circuit dismissed Petitioner's request as premature and without prejudice to re-file if the Supreme Court makes *Shepard* retroactive to a case on collateral review. Thus, Petitioner clearly still has available § 2255 as a remedy if and when the Supreme Court makes its Shepard decision retroactive to a case on collateral review. (Doc. 1, Ex. A).[5]

---

[4] In *Shepard*, the Supreme Court held that police reports were not admissible evidence of a defendant's prior offenses for purposes of the ACCA. 126 S.Ct. at 1261.

[5] In *U.S. v. Armstrong*, 151 Fed. Appx. 155 (3d Cir. 2005), the Third Circuit noted that the Supreme Court has not made *Shepard* retroactive to cases on collateral review. (citing *Tyler v. Cain*, 533 U.S. 656 (2001)). The Court in *Armstrong* stated that "*Shepard* involves what a court may and may not consider in determining whether defendant's prior convictions qualify as predicate offenses for application of the Armed Career Criminal Act [ACCA]." *Id.* The *Armstrong* Court then pointed out that both *Blakely v. Washington* 124 S. Ct. 2531 (2004) and *U.S. v. Booker,* 125 S. Ct. 738 (2005) reaffirmed the Supreme Court's decision in *Apprendi* "that <u>other than the fact of a prior conviction</u>, a fact that increases a criminal penalty beyond the prescribed statutory maximum must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* (emphasis original).

In our case, Petitioner Tracy is challenging his prior state convictions which were used as predicate offenses for purposes of the ACCA. Thus, his claim does not fall under *Apprendi v.*

Petitioner then filed another § 2255 Motion with the District Court in Maine, which was denied on April 21, 2006. (Doc. 1., p. 5). Subsequently, Petitioner filed the instant Habeas Petition with this Court on September 14, 2006.

Petitioner thus states that he filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence under the ACCA but that the District Court of Maine improperly construed his subsequent § 2255 motion as a Rule 60(b) motion and motion for writ of *coram nobis*. Petitioner claims that he was deprived of all of his opportunities for post collateral relief. (Doc. 1, p. 6). Petitioner also claims that § 2255 is inadequate because "Petitioner's sentence is within the statutory maximum (ACCA) and not subject to collateral challenges under § 2255." (Doc. 1, 13(a) handwritten continuation sheet).

## II. Claims of Habeas Petition.

As stated, Petitioner also filed a motion to file a successive § 2255 motion based on a *Shepard* claim, but it was dismissed without prejudice by the First Circuit since the Supreme Court did not yet make *Shepard* retroactive to cases on collateral review. (Doc. 1, Ex. A).[6] Essentially, Petitioner is now attempting to re-assert his claim, based on *Shepard,* that the prosecution did not prove by clear and convincing evidence that his prior Massachusetts State misdemeanor convictions

---

*New Jersey,* 530 U.S. ___, 120 S.Ct. 2348 (2000), and *Shepard*'s holding may aply to Tracy if it were found to apply retroactively to cases on collateral review. However, as both the First Circuit in Petitioner's case and the Third Circuit in *Armstrong* stated, the Supreme Court has not so extended *Shepard*.

[6]As noted, the Third Circuit also stated that the Supreme Court did not hold that *Shepard* applied retroactively to cases on collateral review. *See Armstrong, supra.*

4

fit within the ambit of § 924(e)(1), and that the sentencing court improperly considered his state convictions in imposing his sentence under the ACCA when his civil rights were restored by state law. Thus, Petitioner claims that the use of his Massachusetts State convictions as ACCA predicate offenses, when his civil rights were restored by the state, violated the Tenth Amendment. (Doc. 1, ¶'s 10 & 9). Petitioner claims that the sentencing court, in considering his state convictions to sentence him under the ACCA, was unconstitutional "because it requires the courts to compare the statutory elements of prior offenses with the elements required by the enhancement law's (sic) . This catchall provision doesn't require any particular element, but requires judge's to find the existence of a risk in addition to elements of the prior offense(s)." (Doc. 1, ¶ 10(c)). Petitioner claims that the use of his Massachusetts State convictions by the federal sentencing court to sentence him under the ACCA was unconstitutional, especially since his civil rights were restored by the state. Thus, Petitioner claims that his federal sentence violated the Tenth Amendment. Petitioner also claims that the District Court "adopted and utilized the Massachusetts state police report, its chronology of events, to establish predicate ACCA elements." (*Id*., ¶ 10(e)). Petitioner states that the District Court impermissibly relied upon the state criminal complaint in determining his sentence which was in violation of *Shepard v. U.S., supra.*

In short, Plaintiff claims that the Massachusetts criminal law, and his convictions thereunder, were improperly used by the sentencing District Court to place him in the ACCA category, and he claims that § 2255 is inadequate and ineffective to challenge his federal sentence. We disagree. (Doc. 1, p. 6, ¶ 13.).

The Petitioner, in his Habeas Petition, claims that the sentencing court unconstitutionally

5

enhanced his sentence by finding that he was a career offender under the ACCA based on his 1977, 1979 and 1980 state misdemeanor convictions. Petitioner claims that he cannot challenge the Constitutionality of the ACCA by a § 2255 motion since his state convictions used to enhance his sentence were prior to the Sentencing Reform Act of 1987. Petitioner states in his Habeas Petition that he objected to his Presentence Investigation Report ("PSI") and its references to his state police reports, but states that the District Court still improperly relied upon these reports in determining his federal sentence, contrary to *Shepard*. Petitioner objected to his classification as a career criminal offender, and in his appeal to the First Circuit regarding his judgment of conviction, he claimed that his state court conviction for assault and battery should not be counted as a third predicate violent felony in determining that he was an armed career criminal under § 924(e)(1). (Doc. 1, Ex. B). The First Circuit rejected this claim.

Petitioner is construed as now claiming that his challenged sentence of 327 months was in excess of the proper guideline sentence for his offense since he was improperly sentenced as an armed career criminal based on his claim that the District Court should not have used his prior state convictions as predicate offenses to support its sentence of him under the ACCA. Petitioner claims that the Court improperly enhanced his sentence for his prior convictions and sentenced him as a career offender under § 924(e)(1). The Petitioner claims that the Court enhanced his sentence to 327 months imprisonment. Petitioner claims that, but for the sentencing court's unconstitutional application of his prior state convictions as contained in the state criminal complaints (*i.e.* in violation of *Shepard*), he would have received a shorter prison term. Petitioner thus states that the Court used his state criminal history to enhance his sentence to 327 months.

The Petitioner claims that the sentencing court could not impose the career offender classification by using the Massachusetts state police reports to establish predicate ACCA elements. The Petitioner asserts that his prior convictions used to enhance him as a career offender by the sentencing court on its own is unconstitutional and in violation of the Tenth Amendment, since the state has restored his civil rights which were suspended based on his state convictions. Petitioner is deemed as requesting that he be re-sentenced without the being classified as a career offender. Petitioner also is construed as contending that he should be re-sentenced without being placed in the "ACCA category" which would give him a shorter sentence than 327 months of imprisonment. (Doc. 1, p. 6, ¶ 13.).

As noted, we do not find Petitioner to be asserting a claim under *Apprendi, supra*. Petitioner seems to state that the jury's finding of facts did not include the facts leading to the career offender status enhancement found by the trial court. Further, Petitioner states that since the state had restored his civil rights with respect to his three (3) state convictions, the use by the sentencing court of these state convictions to enhance his sentence violated the Tenth Amendment. Petitioner claims that he cannot use § 2255 since his sentence was within the statutory maximum under the ACCA.

As stated, the Petitioner states that he directly appealed his 1993 judgment and sentence to the United States Court of Appeals for the First Circuit and indicates that his appeal was denied. Petitioner also states that he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the United States District Court which sentenced him, which was denied. Petitioner's request to file a second § 2255 motion was denied by the appeals court.

The Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania on September 14, 2006. Petitioner asserts that his state convictions, used by the sentencing court in relying on his state criminal complaints, should not have been used as predicates for the court's finding that he was an armed career criminal. Petitioner states that his claim cannot be asserted via § 2255, since his sentence was within the statutory maximum under the ACCA. Petitioner relies upon *Shepard*. However, as the First Circuit stated in its April 11, 2005 Judgment, the Supreme Court did not rule that *Shepard* is retroactive.[7]

Petitioner maintains that the District Court unconstitutionally used his prior state convictions as sentencing enhancements under the ACCA, as he was sentenced to a term of imprisonment exceeding the offense of which he was convicted. Therefore, the Petitioner is deemed as arguing that his sentence on the stated federal offense should be corrected to reflect a sentence within the applicable sentencing range without the career offender enhancement factor under the ACCA. Petitioner thus is construed as asserting that his maximum sentence of imprisonment was improperly increased based on the career offender enhancement, which he states was unconstitutional.

---

[7] In *Shephard*, the Supreme Court discussed the type of evidence that a sentencing court could consider when it found that a defendant was an armed career criminal under 18 U.S.C. § 924(e). "Thus, the *Shepard* court only addressed the evidentiary limits of what a court may look to when applying sentence enhancements under the ACCA." *Dixon v. Carey*, 2006 WL 618776, * 10 (N.D. Cal.). Therefore, *Shepard* did not clearly establish that Petitioner Tracy's Massachusetts state misdemeanor convictions could not be used for sentencing enhancements under the ACCA. Rather, *Shepard* dealt with the evidence the sentencing court could examine to determine if a defendant had the predicate offenses under the ACCA, such as charging documents and jury instructions. The *Shepard* Court held that the sentencing court could not rely on police reports and complaint applications when applying sentencing enhancements under the ACCA. *Id.*

**III. Discussion.**

Petitioner filed the present Habeas Petition pursuant to 28 U.S.C. §2241, arguing that Section 2255 is inadequate and ineffective since his sentence was within the statutory maximum under the ACCA. However, if Petitioner's claim is correct that he should not have been found to be an armed career criminal, then his sentence would have been shorter.

In his present Petition, Petitioner seeks to challenge his sentence as in excess of the sentence allowed for the crime of which he was found guilty if he was not found to be an armed career criminal under the ACCA, § 924(e). This Court has considered similar claims in other cases and has consistently found that § 2241 Petitions challenging sentencing enhancements should be dismissed for lack of jurisdiction.[8]  *See Edwards v. Holt,* Civil No. 05-1600, M. D. Pa.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of

---

[8]As noted, in the present case, the Petitioner has stated that he filed a § 2255 motion with respect to his current sentence and that he also unsuccessfully sought permission from the appeals court to file a successive §2255 motion claiming his sentence as an armed career criminal was in violation of *Shepard*. (Doc. 1, Ex. A). In any event, Petitioner's recourse is to again seek permission from the Court of Appeals to file a second § 2255 motion. In fact, the First Circuit stated that if and when the Supreme Court makes *Shepard* retroactive to cases on collateral review, Petitioner will be able to file another petition to file a successive § 2255 motion. (*Id.*).

scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)).  The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966).  The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective.  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ."  *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition.  The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Clearly, the claim Petitioner presents in this Petition, challenging the length of his sentence and seeking to vacate it, is within the purview of §2255.  Petitioner claims that he was given an

improper sentence based on the sentencing court's finding that he was an armed career criminal and by relying on his three (3) state convictions.

Petitioner clearly could, and has tried to, request the court of appeals to certify a successive § 2255 motion, and he could raise his present claim in such a motion. The fact that the appeals court dismissed without prejudice as premature Petitioner's request to file a second § 2255 motion does not render the remedy inadequate or ineffective. The First Circuit, in its April 11, 2005 decision, dismissed Petitioner's request to file a successive § 2255 motion without prejudice to re-file it if and when the Supreme Court makes *Shepard* retroactive to a case on collateral review. (Doc. 1, Ex. A).

In his Petition, Petitioner is challenging the use of his state convictions by the sentencing court to determine that he was an armed career criminal and in sentencing him under the ACCA. Petitioner seems to claims that, if he was sentenced in accordance with the maximum guideline range allowed for his offense level, *i.e.,* without the career offender enhancement made by the sentencing court, he would have been facing a shorter term of imprisonment. Thus, Petitioner maintains that his sentence exceeds the guideline range which would have been allowed if he was sentenced in accordance with the proper penalties for his charged and convicted offense. We find Petitioner's claims to be unavailing in light of the law of this Circuit as well as the recent decisions of this Court.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G.

11

§ 4 B1.1 since the one state conviction was unconstitutionally obtained.   The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective.  The Third Circuit vacated the portion of the M.D. Pa. District Court's decision that considered Littles' habeas petition claim on its merits.  The Third Circuit concluded that "[b]ecause Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104.

Based on *Littles*, this Court is clearly without jurisdiction to consider our Petitioner's § 2241 habeas petition.  We find that Petitioner's recourse is to again seek permission from the appeals court to file a second motion under 28 U.S.C. § 2255 with respect to his 1993 sentencing if and when the Supreme Court holds that *Shepard* can be retroactively applied.   Thus, Petitioner's contention that his sentence of 327 months was impermissibly based on the sentencing court finding that he was an armed career criminal should be raised in a §2255 motion.  *See Littles, supra.*

With regard to the Petitioner's sentencing argument, as discussed, we find that this is clearly an issue that is to be raised in a § 2255 petition, of which he has already availed himself with respect to his current sentence.  The Petitioner must seek his relief *via* that vehicle even if he is required to again seek permission from the appeals court to file a second § 2255 motion.  *Okereke, supra*.

In this case, even though the Petitioner has already filed a §2255 motion regarding the sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy.  Despite the fact that he did file a previous §2255 motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself.  S*ee Berry v. Lamer*,

Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.")**.**

We find that the present Habeas Petition should be dismissed for lack of jurisdiction. In the case of *Okereke,* 307 F. 3d at 120, the Third Circuit held that the petitioner's case did not fit within the narrow exception of *In re Dorsainvil* on the basis that *Apprendi* was an intervening change in the law that petitioner could not have predicted and used as the ground of a §2255 motion. The Court further stated that, "[u]nlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was

13

convicted, not criminal. Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument." *Id*. at 120-121.

The Third Circuit again found that in a case similar to our Petitioner's, the District Court properly held that the petitioner could not file his petition under §2241. In the case of *Reaves v. Lewisburg*, —F. 3d—, 2003 WL 193951 (3d Cir.(Pa.)), the petitioner claimed that §2255 was an inadequate and ineffective means to raise an *Apprendi* claim. The court stated that the petitioner's argument was "foreclosed by our decision in *Okereke*..., where we held that under *In re Dorsainvil*, §2255 is not inadequate or ineffective for individuals to raise *Apprendi* claims." The court went on to state that *"Apprendi* dealt with sentencing and did not render the drug law at issue non-criminal. *Okereke* is dispositive of that issue here." Thus, the court held that the petitioner was not entitled to file his petition under §2241.[9]

In *Devore v. U.S.*, 2004 U.S. Dist. LEXIS 26516 (D. Conn. 2004), the court found that the inmate, in his habeas petition under § 2241, did not claim that he was actually innocent of the state offenses underlying his career criminal status, rather Petitioner claimed that the District Court could not rely on his state convictions because it did not have certified copies of his prior convictions. The Court found that Petitioner was not rasing an actual innocence claim and that his habeas corpus petition should be dismissed fo lack of jurisdiction. Specifically, the *Devore* Court held that Petitioner's claim that he was actually innocent of violating § 924(e) being a career criminal, and despite the fact that his prior § 2255 motion was denied, the court found that Petitioner 's claim

---

[9]In an unreported slip opinion, the Third Circuit cited to *Okereke*, 307 F.3d at 120-121, and once again held that *In re Dorsainvil* did not extend to *Apprendi* claims. *Ilodi v. Gerlinski*, C.A. No. 01-4421 (3d Cir. 2003) (Per Curiam).

14

did not fall within § 2241 and that § 2255 was the remedy. Petitioner did not allege that he did not commit the state offenses underlying his career criminal status but claimed that the government offered insufficient evidence regarding his prior convictions because it failed to produce certified copies of his prior convictions. Likewise, Petitioner Tracy does not claim that he was innocent of his three (3) Massachusetts state convictions; rather, he claims that the District Court could not rely upon his state criminal complaints to establish the predicate ACCA elements. (Doc. 1, ¶ 10 (e) on back).

In *Hornaday v. Lamanna*, 2000 U.S. App. LEXIS 10785 ( 6th Cir. 2000), Petitioner filed a § 2241 petition claiming that he was improperly sentenced under the ACCA because his 1966 burglary conviction did not constitute a crime of violence under the U.S.S.G. and because it did not involve a dwelling. The Court found that § 2255 was Petitioner's remedy and that the District Court lacked jurisdiction over the habeas petition.

Thus, our Petitioner's claim that the District Court's finding that he should be sentenced under the ACCA violated *Shepard* since the Court could not rely on his criminal complaints for establishing his underlying prior state convictions, could be raised *via* § 2255. *See US v. Riddle*, 170 Fed. Appx. 843 ( 6th Cit. 2006).

In *Walden v. U.S.*, 9 Fed. Appx. 420 (6th Cir. 2001), Petitioner filed a § 2241 habeas petition and claimed that District Court improperly sentenced him under § 924(e)(1) as an armed career criminal because his civil rights were restored with respect to his 1975 state felony convictions and he was allowed to possess a firearm. As stated, in our case, Petitioner Tracy claims, in part, that the sentencing court violated the Tenth Amendment since his civil rights were restored by

Massachusetts with respect to his prior three (3) state convictions.  In *Walden*, the Sixth Circuit found that the District Court lacked jurisdiction over the § 2241 petition since Petitioner could challenge his sentence and his prior state convictions *via* a § 2255 motion.  Again, there was no claim by Petitioner of actual innocence of underlying state convictions.

Further, a habeas corpus Petitioner's claim that his sentence was unconstitutional under *Booker*, was an attack on the legality of his sentence and as such, his remedy was § 2255.  The Court found that Petitioner failed to meet the savings clause of § 2255 since he did not show that he was not convicted of a non-existent offense as required by actual innocence prong. *See Watts v. U.S.*, 2005 U.S. Dist. LEXIS 33922 (E.D. TX 2005).

As noted above, the First Circuit Court has already held that *Shepard* does not apply retroactively to cases on collateral review.  *See also Armstrong, supra.*    Our Petitioner's judgment of conviction became final (September 1994 (Doc. 1, Ex. B) well before *Shepard* was decided (2005).  Our Petitioner's case is not pending on direct review, and his Judgment and Conviction is final.[10]

Based upon the now well-settled case law in this Circuit, Petitioner's Habeas Corpus Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent.

---

[10]The Third Circuit Court of Appeals in *In re: Anthony Bola Olopade*, 403 F.3d 159 (3d Cir. 2005), denied petitioner's request to file a second habeas corpus petition since he could not show that *Booker* constituted a new rule of constitutional law which was made retroactive to cases on collateral review.

**IV. Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for lack of jurisdiction.  It is also recommended that Petitioner's application for leave to proceed *in forma pauperis* (Doc. 2) be granted solely for purpose of filing this petition.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 28, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK TRACY, | : | CIVIL ACTION NO. **1:CV-06-1**793 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JONATHAN MINER, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **September 28, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: September 28, 2006**